IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | **Criminal No.: RDB-17-0483** |
| | | **UNDER SEAL** |
| **BRIAN JOYNER,** | * | |
| **Defendant**. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In 2018, *pro se* Defendant Brian Joyner ("Defendant" or "Joyner") pled guilty to Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (ECF No. 29.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Judgment, ECF No. 40; Plea Agreement ECF No. 26.) The guilty plea specifically provided that the Government and Joyner agreed to a 120-month sentence, and that the parties waived any appeal of that sentence. (ECF No. 26.) On November 30, 2018 this Court sentenced Joyner to 120 months imprisonment, consistent with that agreement. (ECF Nos. 26, 40.) Nevertheless, approximately six months later in June of 2019, Joyner appealed his conviction. (ECF No. 43.) This appeal was then voluntarily dismissed by Joyner in November of 2019. (ECF No. 52.)

Now pending is Joyner's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 63), in which he seeks immediate release from FCI Cumberland. Joyner also filed a Motion to Appoint Counsel (ECF No. 65) in order to receive assistance in seeking his release. In his Motion for Compassionate Release (ECF No. 63), Joyner represents

1

that he is uniquely susceptible to suffering severe illness if he were to contract COVID-19 because he is in a "high risk category" due to "a host of illnesses and conditions." He further asserts that he is the sole caretaker for his elderly parents, who each suffer from various health conditions. (*Id.*) However, because Joyner has not presented any evidence that he has exhausted administrative remedies as required to seek this Court's relief, his Motion for Compassionate Release (ECF No. 63) is DENIED. His Motion to Appoint Counsel (ECF No. 65) is also DENIED.

## BACKGROUND

On September 14, 2017, Joyner was charged in a seven-count indictment, charging him with two counts of Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a); two counts of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); and one count of Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g). (ECF No. 1.) On August 6, 2018, pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Joyner pled guilty to one count of Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a), and one count of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (ECF Nos. 26, 29.)

Under the terms of the Plea Agreement, Joyner made certain factual and Guidelines stipulations. As to the facts, Joyner stipulated to committing three separate robberies in March 2017, all of which involved his brandishing of a firearm. (ECF No. 26.) In the commission of the second robbery, Joyner also threatened to kill a store employee, placing his gun on the employee's back. (*Id.*) All three robberies were captured by video surveillance; multiple

witnesses identified the Defendant; and upon obtaining a search warrant for his residence, law enforcement officers found five rounds of .22 caliber ammunition in his home. (*Id.*)

As to the Guidelines, Joyner agreed that he qualified as a Career Offender with a criminal history category VI. (*Id.*) This reflected Joyner's significant criminal history which includes several other robberies, some of them also armed, as well as forgery, assault, battery, trespassing, petty theft, possession of controlled substances, and burglary in the first degree. (Amended Presentencing Investigation Report and Recommendation, ECF No. 42.) The offense level stipulated for the 2017 robberies was 32. (ECF No. 26.) Additionally, because the Defendant was convicted of 18 U.S.C. § 924(c) as a Career Offender, the applicable advisory guideline range was 262-327 months' imprisonment. (*Id.*) However, the parties agreed to a sentence of 120 months' imprisonment. (*Id.*) On November 29, 2018, this Court sentenced him to 120 months' imprisonment and a total term of 5 years of supervised release pursuant to that agreement. (ECF No. 40.) Joyner appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit, and his appeal was dismissed on November 15, 2019. (ECF Nos. 43, 52.) Joyner is currently housed at FCI Cumberland. (ECF No. 63.)

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On January 7, 2021, Joyner moved for his immediate release in light of this ongoing pandemic, asserting that he suffers from several conditions and illnesses which put him at increased risk of severe illness from COVID-19. (ECF No. 63.) That same day, the Clerk of this Court instructed Joyner to submit certain

information to the Office of the Federal Public Defender to facilities its review of his case. (ECF No. 64.) On February 11, 2021, the Office of the Federal Public Defender filed correspondence indicating that it had not received the requested information from Joyner, including any evidence of exhaustion of administrative remedies, and that it would not supplement his Motion. (ECF No. 67.)

Joyner claims that the suffers from hypertension, asthma, an enlarged heart, blunting in the left lung, fluid in the lungs, chronic back pain, and is a former smoker. (ECF No. 63) He also claims that he suffers from anxiety, bi-polar disorder, and post traumatic stress disorder. (*Id.*) Joyner attached to this Motion his medical records documenting his treatment by the Bureau of Prisons. (ECF No. 63-7 *SEALED*.) These records do confirm Joyner's hypertension as well as his mental disorders. (*Id.* *SEALED*.) The records also confirm blunting and a "trace" amount of fluids in Joyner's lungs, however, the notes from the radiologist suggest that images of his upper abdomen were "unremarkable" and that the rest of his lungs remain clear. (*Id.* at 31 *SEALED*.) The records show that imaging did reveal Joyner's heart is "mildly" enlarged. (*Id.* at 33 *SEALED*.) Joyner also has a documented history of asthma dating back to childhood, however, his records do not show he is currently being treated for such condition. (*Id.* at 37, 45 *SEALED*.)

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First

Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

In this case, Joyner has failed to demonstrate that he exhausted his administrative remedies. As provided above, on January 7, 2021, Joyner filed the presently pending *pro se* Motion for Compassionate Release. (ECF No. 63.) That same day, the Clerk of this Court mailed Joyner a letter informing him of the required procedures to pursue his Motion, which includes filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A) and providing the Office of the Federal Public Defender with such information to assist him with his motion. On February 11, 2021, the Office of the Public Defender filed correspondence stating that it had not received any documents regarding Joyner's exhaustion of administrative remedies and that it would not be supplementing Joyner's motion. (ECF No. 67.) Joyner has failed to provide any evidence that he attempted to exhaust his remedies before seeking relief from this Court. Specifically, he has not

5

demonstrated that he petitioned the Bureau of Prisons for release and that 30 days have elapsed. Accordingly, his Motion is premature.

Even if Joyner had exhausted his administrative remedies, his Motion would still fail. First, it is unclear whether Joyner has truly presented extraordinary and compelling reasons for his release which would allow this Court to consider his motion. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Specifically, the Commission has determined that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). As this Court has repeatedly recognized, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In this case, Joyner asserts that he suffers from several conditions, including hypertension, asthma, an enlarged heart, blunting in the left lung, fluid in the lungs, and chronic back pain. (*Id.*) He also claims that he suffers from anxiety, bi-polar disorder, and post traumatic stress disorder. (*Id.*) However, several of these conditions are not known to

6

increase an individual's risk of developing severe illness from COVID-19.[1] Further, notes on Joyner's records suggest that the conditions related to his heart and lungs are mild and/or "unremarkable." (ECF No. 63-7 *SEALED*.) There is no evidence that Joyner is currently being treated for asthma. Additionally, while hypertension "might" increase one's risk of severe illness with COVID-19,[2] alone it does not constitute an extraordinary and compelling reason which justifies a reduction in sentence. *See U.S. v. Thomas*, 471 F. Supp. 3d 745, 749 (W.D. Va. 2020).

Additionally, even if Joyner's alleged medical conditions, or his alleged need to care for elderly members of his family, were enough to allow this Court to consider his pending motion, this Court must find extraordinary and compelling circumstances, *as well as* that the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such Motion. To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Joyner's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote

---

[1] *See* Centers for Disease Control and Prevention, *People Who Need Extra Precautions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last accessed February 26, 2021).
[2] *See* Center for Disease Control and Prevention, *supra* note 1.

respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Looking to each of these factors, this Court finds that a reduction in Joyner's sentence is inappropriate. The nature and circumstances of Joyner's crimes are incredibly serious. He committed a series of three robberies at gunpoint within just a few days. His other criminal history is significant and includes other convictions for armed robberies, as well as other serious crimes. Joyner does not offer any explanation as to why he would be unlikely to again reoffend if released. Overall, the seriousness of the numerous crimes committed by Joyner warrants the sentence imposed. A reduction at this time, before Joyner has served even half of that sentence, would be inconsistent with the above-listed factors. While Joyner suffers from numerous medical conditions, most of those conditions do not place him at a risk of severe illness if he were to contract, COVID-19, and he can continue to receive close attention for such conditions from the BOP.

Finally, this Court notes that there is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). In this case, the

Defendant has not established the interests of justice require appointment of counsel.  Further, this Court appointed the Office of the Federal Public Defender to assist Joyner in his case, however, he did not comply with their requests for information and, therefore, the Office declined to supplement his motion.  (*See* ECF Nos. 64, 67.)  This Court sees no reason to again appoint counsel to the Defendant.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 1st Day of March, 2021, that Defendant Joyner's Motion for Compassionate Release (ECF No. 63) is DENIED.  Defendant's Motion to Appoint Counsel (ECF No. 65) is also DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge